Rivera, J.
(dissenting). Defendant challenges his designation under New York’s Sex Offender Registration Act (SORA) (Correction Law art 6-C) as a level three risk to reoffend on the ground, among others, that County Court improperly accepted the Board’s risk assessment score of 30 points under factor 9 based on a prior conviction that did not involve sexual misconduct. At the SORA hearing defendant requested that his risk assessment reflect the nonsexual nature of his prior offense, which he correctly identified as a permissible ground for departure under the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (Guidelines).[1] County Court abused its discretion when it denied this request without proper consideration of the ground presented. This error matters because if, as advocated by defendant, County Court had assigned him a lower risk level, he would be subject to somewhat less onerous SORA reporting requirements than a level three designation.[2]
The Guidelines assign 30 points under risk factor 9 for a *692 prior conviction or adjudication of endangering the welfare of a child, the offense at issue here, but only five points for a prior criminal history absent felony or sex crime convictions or adjudications (Guidelines, factor 9). The Board of Examiners of Sex Offenders (Board) in drafting the Guidelines
“decided to treat endangering the welfare of a child as if it were a sex crime because it generally involves sexual misconduct, especially when it is part of a plea bargained disposition. Where a review of the record indicates that there was no such misconduct, a departure may be warranted” (id. at 14 [emphasis added]).
It is undisputed that defendant’s conviction for endangering the welfare of a child did not involve sexual misconduct. The question presented on this appeal is whether County Court properly considered defendant’s request to be assessed a lower risk because his offense lacked a sexual component. In support, defendant argued to County Court that his case fell squarely within the Guidelines and the Board’s explicit proposed grounds for departure.[3] County Court stated, “[t]he fact that the [offense] . . . did not include conduct of a sexual nature, does not preclude its consideration by the Court pursuant to the guidelines.” This is an accurate statement of the Guidelines’ approach, but not responsive to defendant’s argument. Defendant did not contend that County Court was without authority to consider the conviction, only that the court should look to the underlying fact that the offense did not involve sexual misconduct, and then weigh that fact in its determination of whether the offense comported with crimes scored at 5 versus *693 30 points and a departure warranted on that basis, as provided by the Guidehnes.[4]
Whether, as the majority concludes, defendant could be designated a level three offender based on his criminal history is of no moment to the issue on appeal because that determination should be made in the first instance by the SORA court (majority op at 689-690). In my view, the record cannot be read, as apparently the majority does, to establish that County Court gave proper consideration to the Guidelines’ instruction concerning factor 9 and defendant’s argument that his offense was nonsexual in nature. Therefore, I dissent and would reverse and remand for the court’s assessment of defendant’s risk level in light of the Guidelines and the facts of his case, and, if necessary, for a determination on the People’s request for an upward departure.
Judges Abdus-Salaam, Stein and Garcia concur; Judge Rivera dissents in an opinion in which Judge Pigott concurs; Judge Fahey taking no part.
Order affirmed, without costs.

. Contrary to the majority’s suggestion (majority op at 689 n 3), a departure by the court because of an overassessment of defendant’s risk under factor 9 would not have been arbitrary but, rather, based specifically on a mitigating factor expressly provided for in the Guidelines.

. For example, while both level two and level three offenders are required to register for life, a level two offender who does not have a special designa *692 tion has the opportunity to petition for relief from the registration requirement after 30 years (Correction Law §§ 168-0 [1]; 168-h [2]). A level three offender must verify the offender’s address, in person, every 90 days (Correction Law § 168-h [3]), and annually update the offender’s registry photograph, compared to every three years for level one and two offenders (Correction Law § 168-f [2] [b-2], [b-3]).

. Defendant failed to preserve his constitutional and statutory challenge to the Board’s treatment of his endangering the welfare of a child conviction as if it was a sex crime. Thus, whether the Board may automatically assess 30 points under factor 9 without clear and convincing evidence of defendant’s sexual misconduct remains an open question. For purposes of my analysis, I assume, without deciding, that the Board may lawfully classify and score this offense in such a manner, while providing for a departure from the risk level.

. Notably, the People take the position on this appeal that defendant should not have been assessed 30 points under factor 9. They request that the case be remanded to the SORÁ court to consider the People’s upward modification on the original hearing record or on a motion to reconsider defendant’s risk assessment based on his conduct after the SORA hearing.